```
 1
 2
 3
 4
 5                      IN THE UNITED STATES DISTRICT COURT
 6
                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
 7
 8
    JEROME L. GRIMES,                    )    No.  C 15-0352 JSW (PR)
 9                                       )
            Plaintiff,                   )    ORDER OF DISMISSAL
10                                       )
          v.                             )
11                                       )
                                         )
12  DR. ANTHONY LEE WONG,                )
                                         )    (Dkt. No. 3)
13          Defendant.                   )
    _____
14
15        Plaintiff, a jail inmate in Shreveport, Louisiana, has filed this pro se civil rights
16 case.[1] On May 18, 2000, this Court informed Plaintiff that under the "three-strikes"
17 provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis*
18 in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland*
19 *Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00).  Since then,
20 Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis*
21 status.  With respect to each action filed, the Court conducts a preliminary review to
22 assess the nature of the allegations and to determine whether Plaintiff alleges facts which
23 bring him within the "imminent danger of serious physical injury" exception to §
24 1915(g).  In the past, Plaintiff has routinely been granted leave to amend to pay the full
25 filing fee and to state cognizable claims for relief, but he has habitually failed to do so.
26
27
         [1]Because defendant resides in this district, venue is proper here. *See* 28 U.S.C. §
28  1406(a).
```

1  For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of
2  approximately thirty-six actions under § 1915(g).
3       In accord with this ongoing practice, the Court has reviewed the allegations in the
4  present action and finds that Plaintiff alleges no facts which bring him within the
5  "imminent danger" clause. The complaint makes the same highly implausible and
6  sometimes unintelligible allegations that he has made in his many prior cases. Plaintiff
7  has been informed on numerous occasions that allegations and claims such as these do
8  not establish imminent danger nor do they state cognizable claims for relief. Therefore,
9  it would be futile to grant Plaintiff leave to amend.
10      Accordingly, leave to proceed in forma pauperis (dkt. 3) is DENIED, and this case
11 is DISMISSED without prejudice under § 1915(g). If Plaintiff is so inclined, he may
12 bring his claims in a new action accompanied by the $400.00 filing fee. In any event, the
13 Court will continue to review under § 1915(g) all future actions filed by Plaintiff while
14 he is incarcerated in which he seeks *in forma pauperis* status.
15      The Clerk of the Court shall close the file and terminate all pending motions.
16      IT IS SO ORDERED.
17 DATED: March 30, 2015

                                    JEFFREY S. WHITE
                                    United States District Judge